THE PENTECOSTAL CHURCH OF GOD ET AL., Appellants, *v.* THE REGISTRAR OF PROPERTY OF RÍO PIEDRAS, Respondent.

No. 1269. Submitted January 2, 1951.—Decided February 12, 1951.

*Guillermo Estrella Frasqueri* for appellants. The Registrar appeared by brief.

MR. JUSTICE SNYDER delivered the opinion of the Court.

This is an administrative appeal to review the ruling of the Registrar refusing to record four deeds. In the first

deed the Municipality of Río Piedras segregated from a tract of 1172.50 square meters, owned by the Municipality, a portion thereof consisting of 500 square meters, and sold and conveyed it to the Pentecostal Church of God, Inc. In the second deed the Municipality segregated from the same tract 70 square meters and sold and conveyed it to the same Church. In the third deed executed by the Church the two foregoing tracts are grouped. In the fourth deed the Municipality sold and conveyed to José María Rosario the remainder of the 1172.50 square meters tract, or 602.50 square meters.

These deeds, except the third deed, recite that the 1172.50 square meters tract was offered for sale at a public auction by the Board of Awards of the Municipality; that announcement of the auction was duly made by posting notices thereof in conspicuous places in the Municipality and publishing the same in a newspaper of largest circulation for the legal period; that the offers made at the auction were rejected by the Board as too low; that the Board provided for direct sale of the tract through the Mayor in the manner most advantageous to the Municipality; that the Municipal Assembly approved this agreement; and that pursuant thereto, the Mayor sold and conveyed the tract in question for the prices named in the deeds.

In addition to the deeds, the petitioners submitted an *Acta Aclaratoria* executed by the parties which recited that the deeds had failed to recite that a second public auction was held; that new bids which were lower than those submitted at the first auction were received; that these were thereafter rejected; and that the Board of Awards then agreed to sell the property through the Mayor without competition. The petitioners also submitted certified copies of the various *actas* of the Board and of the Municipal Assembly approving the sales herein.

The Registrar refused to record the first, second and fourth deeds on the ground that "there has not been proved, in this Registry, publication of the edicts or the holding of

a public auction in the form required by law..." The third deed was denied recordation because "the properties grouped do not appear inscribed..." The action of the Registrar as to the third deed is dependent on the propriety of his ruling on the other deeds. That is to say, only if the first and second deeds must be recorded, will the petitioners then be entitled to recordation of the third deed.

The petitioners have filed an elaborate brief undertaking to justify the sales without competition pursuant to § 38 of the Municipal Law, Act No. 53, Laws of Puerto Rico, 1928, and § 8 of Act No. 53, as amended by Act No. 114, Laws of Puerto Rico, 1938. Under § 8 no real property of the Municipality may be sold except at public auction. However, § 38 also provides that the Board of Awards may reject all bids and either hold a new sale or "dispose of the matter in the manner most advantageous to the Municipality, without competition." See *Nine* v. *Ortiz*, 67 P.R.R. 883, 891.

██ If the recitals in the deeds and the *Acta Aclaratoria* are true, the deeds herein are recordable by virtue of §§ 8 and 38. The Registrar does not dispute this proposition. He concedes that the Municipality may reject bids at a public auction of real property and thereafter sell it without competition. His position is simply that "the publications of the edict in a newspaper of circulation must be proved."

We agree with the Registrar. *Morales* v. *Registrar*, 36 P.R.R. 90, cited by the petitioners, is distinguishable. There we held that if a court adjudged dominion title in favor of a petitioner, the latter was not required to prove to the Registrar the manner in which publication and summons was had on the former owners. But as we pointed out at p. 93, "The registrar has no authority to consider the grounds of court decisions..." On the other hand, the Board of Awards is not a court, and the general recitals in its resolutions and in the deeds by the Municipality that there has been compliance with the law requiring publication of a notice

of a public auction of municipal real property are not sufficient in themselves to prove publication of the edicts. In view of these circumstances, we think the Registrar was entitled, as he asserts in his brief, to require "the presentation to the Registrar of a certificate showing publication of this edict in a local newspaper in accordance with the provisions of The Municipal Law." We also find pertinent the comment of the Registrar, "Assuming that we are mistaken, it has always seemed to us, easier, shorter, more rapid and less costly for the petitioner to present this certificate than to prepare the extensive brief of the petitioner."

The ruling of the Registrar will be affirmed.